FILED
AUG 2 6 2009
Clerk, U.S. District and
Bankruptcy Courts

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MARK A. WARD, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Civil Action No. **09 1617** |
| U.S. DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT, | ) ) ) ) |
| Defendant. | ) |

## MEMORANDUM OPINION

This matter is before the Court on consideration of plaintiff's application to proceed *in forma pauperis* and *pro se* complaint. The Court will grant the application, and dismiss the complaint.

Plaintiff filed a housing discrimination complaint with the United States Department of Housing and Urban Development ("HUD") alleging that his former landlord and others discriminated against him on the basis of his race in violation of the Fair Housing Act ("FHA"), *see* 42 U.S.C. § 3601 *et seq.* Compl. ¶ 3. HUD referred the matter to the North Carolina Human Relations Commission ("NCHRC") for investigation, *id.*, pursuant to 42 U.S.C. § 3610(f). According to plaintiff, the NCHRC intentionally omitted evidence plaintiff provided and otherwise failed to conduct a proper investigation, and HUD concurred with the NCHRC's conclusion that there were no reasonable grounds to believe that the housing providers engaged in unlawful discriminatory housing practices. *Id.* ¶¶ 4-6.

In this action, plaintiff "requests that this Court review [HUD's] May 18, 2009 decision"

under the Administrative Procedure Act ("APA"), *see* 5 U.S.C. § 701 *et seq. Id.* ¶ 10. Further, he asks this Court to declare HUD's decision invalid and to remand the matter to HUD for additional investigation. *Id.* at 6 (Prayer). The Court will dismiss this action under 28 U.S.C. § 1915(e)(2)(B) because the complaint fails to state a claim upon which relief can be granted.

"[T]he FHA creates no explicit cause of action" where, as here, the Secretary of HUD declines to issue a charge of discrimination. *Godwin v. Sec'y of Housing and Urban Devel.*, 356 F. 3d 310, 312 (D.C. Cir. 2004) (per curiam). Nor does the FHA "implicitly confer[] such a right of action against the Secretary." *Id.* Moreover, the APA provides for judicial review of an agency action if it is "made reviewable by statute," or if there was a "final agency action for which there is no other adequate remedy in a court." 5 U.S.C. § 704. Section 813 of the FHA, *see* 42 U.S.C. § 3613, "provides an 'other adequate remedy in a court'" in the form of a civil action filed by the aggrieved person, thus "barring judicial review under the APA." *Turner v. Sec'y of the United States Dep't of Housing & Urban Devel.*, 449 F.3d 536, 540 (3d Cir. 2006), *cert. denied*, 549 U.S. 1117 (2007); *Godwin*, 356 F.3d at 312 (concluding that "the private right of action authorized by [42 U.S.C. § 3613] constitutes an adequate alternative remedy, rendering judicial review unavailable under the APA"); *Marinoff v. United States Dep't of Housing & Urban Devel.*, 892 F. Supp. 493, 497 (S.D.N.Y. 1995) (adopting Magistrate Report and Recommendation dismissing complaint alleging that the Department of Housing and Urban Development ("HUD") failed to properly investigate plaintiff's allegations of discrimination and retaliation by the housing project in which she lives for failure to state a claim on the ground that "plaintiff has a reasonable alternative [42 U.S.C. § 3613(a)(2)] and therefore review under APA is not available"), *aff'd*, 78 F.3d 64 (2d Cir. 1996) (per curiam).

An Order consistent with this Memorandum Opinion will be issued separately on this same date.

                                         _____
                                         United States District Judge

DATE: 8/15/09